UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TASHA WILSON; CHERRI WILSON
ANGLIN,

        Plaintiffs,                                 Civil No. 06-6024-HA

        v.                                        OPINION AND ORDER

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

        Tasha Wilson and Cherri Wilson Anglin, proceeding *pro se*, bring this action on behalf of a child (hereinafter referred to as plaintiff) seeking continuation of benefits pursuant to §

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he is substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1      - OPINION AND ORDER

1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g)). Plaintiff requests judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) terminating the child's Supplemental Security Income (SSI) disability payments.

This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). After reviewing the record of this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings.

## BACKGROUND

On July 10, 1998, an application for Child's SSI was filed on behalf of plaintiff, alleging disability starting when plaintiff was born on June 24, 1998. Child's SSI was awarded because it was determined that plaintiff had a low birth weight of 876 grams (less than two pounds) and met Listing 100.01, qualifying plaintiff for SSI.

A "continuing disability review" (CDR) was performed in May 2001. *See* 20 C.F.R. § 416.989 (the agency must evaluate recipients of SSI benefits from time to time to determine their continuing eligibility for benefits). The CDR, which was issued on May 5, 2001, determined that plaintiff was no longer eligible for SSI as of December 28, 2001. Tr. of Admin. R. (hereinafter Tr.) at 46-47; *see also* 20 C.F.R. § 416.994a (SSI benefits may be terminated if the recipient has medically improved and is not currently disabled). The Commissioner's determination was affirmed on reconsideration. Tr. 53-63. Plaintiff then sought and received a hearing before an Administrative Law Judge (ALJ).

The hearing at issue was held on July 12, 2005, at which the ALJ heard testimony from plaintiff, who was represented by her grandmother (a non-attorney), and plaintiff's mother, Tasha

Wilson. Tr. 201-15. The ALJ issued a ruling dated September 7, 2005, concluding that plaintiff had achieved significant medical improvement and did not have extreme or marked limitations in any domains of functioning. Tr. 20-27; *see also* 20 C.F.R. § 416.926a (providing standard). Accordingly, the ALJ concluded that plaintiff was no longer eligible for SSI benefits.

## ANALYSIS

### 1.     Evaluation of Lay Witness Testimony

Plaintiff, through her mother and representative and proceeding *pro se*, contends that the ALJ erred in determining that plaintiff is not disabled. Pl.'s Brief ("I feel that [plaintiff] was disabled"); Pl.'s Reply Brief at 1 ("I do not agree that [plaintiff] was not disabled").

At the hearing, plaintiff's mother and grandmother offered testimony that plaintiff is developmentally delayed. For example, plaintiff was not toilet-trained until age five and, at age seven, still required assistance in the bathroom and "doesn't get the concept." Tr. 208. Plaintiff also allegedly missed school frequently due to chronic ear infections and other illnesses, which plaintiff allegedly gets "every other month." Tr. 210; *see also* Tr. 204-05.

Finally, plaintiff's grandmother testified that plaintiff may have an attention deficit disorder, a condition that plaintiff's father has, because plaintiff has engaged in behavior similar to her father, including throwing tantrums and hitting her head against the wall. Tr. 213-14.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006), (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms or how an impairment affects a person is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness.  *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)).

Plaintiff's mother offered competent testimony that the ALJ was required to either take into account or disregard with germane reasons.  Tr. 209-12.  Moreover, plaintiff's grandmother, acting as plaintiff's representative, also offered significant, relevant testimony.  Tr. 204-07, 213-14.

The ALJ incorrectly attributed testimony by plaintiff's grandmother regarding plaintiff's possible attention deficit disorder to plaintiff's mother.  Tr. 14.  The ALJ discounted that testimony merely by concluding that "[t]he medical record does not document the presence of any significant mental disorder."  *Id.*

The ALJ discounted testimony that, at age seven, plaintiff still required assistance to use the bathroom by asserting that plaintiff is "able to attend school in a mainstream program[, which] indicated that she essentially is independent in that functional sphere."  *Id.*  Because the ALJ failed to provide a citation to the record in support of this statement, the court is unable to evaluate the basis for it.  The court does note that on October 10, 2001, two months before the Commissioner terminated plaintiff's Child SSI, plaintiff was found eligible for Early Childhood Special Education services in the category of Developmental Delay, based on findings of significant developmental delay in plaintiff's personal social development and adaptive development.  Tr. 153.  Plaintiff scored in the first percentile in each area, well below the seventh-percentile mark indicating significant developmental delay.  Tr. 148, 153.  According to

4    - OPINION AND ORDER

the evaluation, plaintiff, who was three at that time, "[did] not yet know her name or age." Tr. 152.

The ALJ dismissed the allegation that plaintiff suffers ear infections and other seasonal infections every other month on grounds that "it is not established that such occurrences are significantly more frequent for [plaintiff] than the rate of illness experienced by her peers, particularly given the damp Oregon climate." Tr. 23.

The ALJ's conclusory and inaccurate rationalizations for rejecting the testimony fall short of amounting to "germane reasons" and are therefore insufficient.

When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

In this case, the court cannot so conclude. The lay testimony at issue includes descriptions from plaintiff's mother and grandmother regarding plaintiff's inability to use the bathroom without assistance, plaintiff's combative nature and violently self-destructive behavior, and chronic ear infections and other illnesses. This testimony supports a conclusion that plaintiff's impairments render her extremely or markedly limited in multiple domains of functioning. As a result, in light of the inadequacies regarding the evaluation of the lay testimony presented, this court concludes that a remand is appropriate in this matter.

///

///

**2.      Remand**

5      - OPINION AND ORDER

As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases. Specifically, the first two sentences of Section 405(g) provide that any individual may obtain a review of a final decision of the Commissioner of Social Security that is rendered after a hearing to which the individual was a party, irrespective of the amount in controversy. This review is obtained in the district court of the United States for the judicial district in which the plaintiff resides.

The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorney's fees even when the case has been remanded for further administrative action. *Id.* (citing *Schaefer*, 509 U.S. at 297-302).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297, n.2). Unlike sentence four remands, sentence six remands do not constitute final judgments. *Id.*

6     - OPINION AND ORDER

The issues presented in this action compel a remand under sentence four. Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).

A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

On the other hand, a decision to remand for further proceedings is appropriate when such proceedings are likely to be useful. *Harman*, 211 F.3d at 1179. In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings addressing plaintiff's functional assessments and the significance of lay testimony, as identified in this Opinion and Order. *Id*. at 1178.

Specifically, pursuant to this remand plaintiff and Commissioner shall develop the record regarding the extent of plaintiff's impairments. Upon remand, the ALJ is instructed to obtain updated medical records concerning plaintiff. The ALJ shall also provide plaintiff an opportunity to submit additional medical evidence in support of her alleged limitations.

Additionally, the ALJ shall give full consideration to all lay witness testimony submitted in support of plaintiff's request for the continuation of benefits. Plaintiff shall be permitted to

7  - OPINION AND ORDER

seek representation by counsel, present witnesses, and to refer to and submit into the record all testimony that has been presented already on her behalf.

The ALJ shall also elicit and assess plaintiff's testimony, and provide adequate explanations establishing that her testimony and all lay witness testimony was considered and fully evaluated in the assessment of plaintiff's possible eligibility for benefits.

## **CONCLUSION**

The record of this case has been reviewed fully. This court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  5   day of June, 2007.

                                                        /s/ Ancer L. Haggerty  
                                                          Ancer L. Haggerty  
                                                 United States District Judge